IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NO.: _____18-1980 C_____

WILLIAM AKINS, Individually,
and each on behalf of a Class of all other
Persons Similarly Situated,

    Plaintiff,
vs.

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

**CLASS REPRESENTATION**

## CLASS ACTION COMPLAINT

Plaintiff, WILLIAM AKINS brings this action for himself and all others similarly situated (hereinafter "William AKINS" or "Plaintiff") against Defendant, the UNITED STATES OF AMERICA ("Defendant"), and allege as follows:

### JURISDICTION & VENUE

1. This is an action in inverse condemnation for the taking of personal property by the United States Government without payment of compensation in violation of Amendments V of the United States Constitution.

2. The amount in controversy is in excess of $10,000.

3. All conditions precedent to bringing this action have been met, waived, or would have been futile.

4. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1491(a), and by virtue of the amount in controversy.

BeharBehar ♦ 490 Sawgrass Corporate Parkway ♦ Suite 300 ♦ Sunrise, Florida 33325
T: 954-990-8639   F: 954-332-9260   W: BeharBehar.com

1 of 12

5. Venue is appropriate pursuant to 28 U.S.C. §1491 in that the cause of action occurred in the United States, and the Defendant is the United States.

## THE PARTIES

6. Plaintiff, William AKINS, is a resident of the State of Florida and brings this action seeking to remedy the violation of his rights under the United States Constitution for inverse condemnation. Mr. AKINS owns approximately 78 and up to 100 bump-fire stocks. Mr. AKINS has approximately 38 bump-stocks in Indiana and approximately 41 bump-stocks in Alabama.

7. Defendant, the Unites States of America, took Plaintiff's personal property pursuant to 27 CFR §§447, 478 and 479 by amending or interpreting those regulations to prohibit, among other things, the possession or transfer of "bump stocks" under 18 U.S.C. §922(o)(1).

## NATURE OF THE ACTION

8. At the outset, Plaintiff does not seek to invalidate the United States' interpretation or amendment of 27 CFR §§447, 478 and 479. Plaintiff's sole complaint is that, if enforced, 27 CFR §§447, 478 and 479 would subject tens of thousands (or more) of law-abiding citizens to criminal liability and subject their lawfully possessed personal property to forfeiture, seizure and permanent confiscation without due process or compensation. Simply stated, 90 days after the new rules are published Plaintiff and similarly situated individuals will have committed a crime, punishable as provided by federal law.

BeharBehar ◆ 490 Sawgrass Corporate Parkway ◆ Suite 300 ◆ Sunrise, Florida 33325
T: 954-990-8639    F: 954-332-9260    W: BeharBehar.com

2 of 12

9. On or about June 7, 2010, the Firearms Technology Branch ("FTB"), Bureau of Alcohol, Tobacco, Firearms and Explosive ("ATF") published a letter evaluating a "replacement shoulder stock for an AR-15 type rifle." A copy of the ATF letter is attached as **Exhibit "A"** and incorporated herein by reference.

10. The ATF specifically evaluated a "bump-stock" designed "to assist persons whose hands have limited mobility to 'bump-fire' an AR-15 type rifle."

11. The design of the "bump-stock" included "a block to replace the pistol grip while providing retention for the selector stop spring; a hollow shoulder stock intended to be installed over the rear of an AR-15 fitting with a sliding stock type buffer-tube assembly; and a set of assembly instructions." **See Exhibit "A"**.

12. The ATF determined that the "stock has no automatically functioning mechanical parts or springs and performs no automatic mechanical function when installed . . . and the shooter must apply constant forward pressure with the non-shooting hand and constant rearward pressure with the shooting hand." **See Exhibit "A"**.

13. Accordingly, the ATF determined "the 'bump-stock' is a firearm part and is not regulated as a firearm under the Gun Control Act or the National Firearms Act." **See Exhibit "A"**.

14. Therefore, Plaintiff and countless other similarly situated individuals relied on the determination contained in Exhibit "A" and purchased the "bump-stocks" and similar devices described therein.

BeharBehar ⬥ 490 Sawgrass Corporate Parkway ⬥ Suite 300 ⬥ Sunrise, Florida 33325
T: 954-990-8639   F: 954-332-9260   W: BeharBehar.com

3 of 12

15. On March 29, 2018, the Department of Justice amended 27 CFR §§447.11, 478.11, and 479.11 in responses to the infamous and tragic shooting in Las Vegas, Nevada.

16. In amending 27 CFR §§447.11, 478.11 and 479.11, the Department of Justice through the Bureau of Alcohol, Tobacco, Firearms, and Explosives, found a need to comprehensively address the crisis of gun violence.

17. Furthermore, the ATF stated:

> Following the mass shooting in Las Vagas on October 1, 2017, ATF has received correspondence from members of the United States Senate and the United States House of Representatives, as well as nongovernmental organizations, requesting ATF examine its past classifications and determine whether bump-stock-type devices currently on the market constitute machineguns under the statutory definition.

18. Furthering this mission, the Department of Justice proposed to amend the Bureau of Alcohol, Tobacco, Firearms, and Explosives regulations to clarify that:

> . . . "bump fire" stocks, slide-fire devices and devices with certain similar characteristics (bump-stock-type devices) are "machineguns" as defined by the National Firearms Act of 1934 (NFA) and the Gun Control Act of 1968 (GCA) . . .
>
> . . . .
>
> With limited exceptions, primarily as to government agencies, the GCA makes it unlawful for any person to transfer or possesses a machinegun unless it was lawfully possessed prior to the effective date of the statue. The bump-stock-type devices covered by this proposed rule were not in existence prior to the GCA's effective date, and therefore would fall within the prohibition on machineguns . . .
>
> Consequently, current possessors of these devices would be required to surrender them, destroy them, or otherwise render them permanently inoperable upon the effective date of the rule.

19. The amended regulations define the term "machine gun" as follows:

BeharBehar • 490 Sawgrass Corporate Parkway • Suite 300 • Sunrise, Florida 33325
T: 954-990-8639    F: 954-332-9260    W: BeharBehar.com

4 of 12

The term "machinegun" includes bump-stock-type devices, i.e., devices that allow semiautomatic firearms to shoot more than one shot with a single pull of the trigger by harnessing the recoil energy of the semiautomatic firearm to which it is affixed so that the trigger rests and continuous firing without additional physical manipulation of the trigger by the shooter (commonly known as bump-stock-type devices).

20. Under the amended federal regulations, the "bump-stock" referred to in Exhibit "A" is now illegal to possess or transfer, as such "bump-stocks" were not yet in existence in 1986 when older "machineguns" were grandfathered in by the federal government. In other words, anyone in the United States who owns a "bump-stock" as now included in the definition of "machinegun" in 27 CFR §§447.11, 478.11 and 479.11, will have committed a crime.

21. The ATF had previously approved such "bump-stocks" for possession and transfer.

22. Plaintiff, and those similarly situated, legally purchased their bump stocks (or other similar devices), and relied on the ATF's interpretations and guidance. The bump-stocks will be referred to herein as the "Taken Property."

23. Plaintiff, and those similarly situated, has a property right in his personal property, and CFR §§447.11, 478.11 and 479.11 deprives Plaintiff and the class described herein of their property without just compensation.

24. This is a class action seeking redress for the systematic and unconstitutional taking of personal, private property by the United States Government because the new interpretation and amendment of 27 CFR §§447.11, 478.11 and 479.11 makes it illegal for Plaintiff to transfer or even possess a "bump-stock".

BeharBehar ♦ 490 Sawgrass Corporate Parkway ♦ Suite 300 ♦ Sunrise, Florida 33325
T: 954-990-8639    F: 954-332-9260    W: BeharBehar.com

5 of 12

25. Plaintiff bring this action as a class action on behalf of all such personal property owners whose property interest was systematically and unconstitutionally taken pursuant to the recent changes in the law. Importantly, the United States provided no method for Plaintiff to redress this economic harm.

26. Plaintiff, for himself and on behalf of the class described more fully herein, seek just compensation to redress the unlawful taking of their personal property.

27. The named Plaintiff herein asserts his claims both individually and as proposed class representatives of the Class described herein. The members of the class were lawful owners of the Taken Property that is now prohibited by the new rules.

28. The Constitution of the United States provides that "No person shall . . . be deprived of life, liberty or property without due process of law; nor shall private property be taken for public use, without just compensation " U.S. Const. amend. V.

29. "Real Property, tangible property, and intangible property, all may be subject of takings claims." *Conti v. United States*, 291 F.3d 1334, 1338-339 (Fed.Cir.2002).

30. A takings claim arises when private property is taken for a public use without just compensation. Plaintiff here satisfies those elements:

    a. **Private Property** – Plaintiff, and others similarly situated, have a property interest in the Taken Property;

    b. **Taken** – The new rules prohibit Plaintiff, and others similarly situated, from possessing or transferring the Taken Property;

    c. **Public Use/Public Purpose** – The United States Government prohibited the Taken Property in the interest of public safety; and

BeharBehar ◆ 490 Sawgrass Corporate Parkway ◆ Suite 300 ◆ Sunrise, Florida 33325
T: 954-990-8639    F: 954-332-9260    W: BeharBehar.com

6 of 12

    d. **Without Just Compensation** – The new rules provide no mechanism for compensating Plaintiff and others similarly situated.

31. Thus, it is undisputable that Defendant has taken the personal property of Plaintiff and the Class.

## CLASS REPRESENTATION ALLEGATIONS

32. The cause of action alleged and the relief sought are appropriate for class action treatment and class certification pursuant to the governing and applicable Federal Rules of Civil Procedure, including Rule 23(a-c), of the Federal Rules of Civil Procedure.

- **Rule 23(a)(1)(2)(3)(4) Prerequisites**

33. Under Fed. R. Civ. P. 23(a) the parties can show numerosity, commonality, typicality and fair representation.

    o **Numerosity**

34. The precise number of Class members is presently unknown to Plaintiff. According to the government's own findings in its Federal Register/Vol. 83, No 61/Thursday, March 29, 2018/Proposed rule report, it estimated that the number of bump-stocks purchased since 2010 is between 35,000 per year – 75,000 per year. In total, the number of bump-stocks in circulation are estimated to total between 280,000 to 600,000.

35. These estimates are supported. It has been repeatedly reported in the media and is a matter of common knowledge that numerous manufacturers, gun stores, and other retailers had sold out of "bump stocks" in late 2017.

36. Thus, the Class is so numerous that joinder of individual class members is impracticable and inconsistent with the orderly and efficient administration of justice, and

BeharBehar ♦ 490 Sawgrass Corporate Parkway ♦ Suite 300 ♦ Sunrise, Florida 33325
T: 954-990-8639   F: 954-332-9260   W: BeharBehar.com

7 of 12

contrary to the public good. Joinder would also be contrary to the efficient use of scarce judicial resources, contrary to the public good, and inconsistent with the orderly and efficient administration of civil justice between and among civil litigants.

37. The relevant Class members can be identified through discovery and notice provided to the general public, manufacturers, retailers, and other similar entities.

- **Commonality and Typicality**

38. Here, the questions of law and fact are common to the claim of the Plaintiff and each member of the Class:

    a. All members of the Class and the Plaintiff purchased Taken Property;

    b. The Taken Property was prohibited by the changes to 27 CFR §§447.11, 478.11 and 479.11;

    c. The new rules' prohibition of the Taken Property removes all economic value as it is now contraband;

    d. Neither Plaintiff nor members of the Class were compensated for the Taken Property.

39. Additionally, the above particular facts and circumstances show the claim advanced by Plaintiff is typical of the claim of each Class Member.

- **Fair and Adequate Representation of the Class**

40. Plaintiff will fairly and adequately protect and represent each member of the Class because his interests are perfectly in line. The named Plaintiff has a true stake in this case.

41. Plaintiff will fairly and adequately represent, protect and prosecute the interests of each Class Member and likewise have the willingness and capacity to do so.

BeharBehar ◆ 490 Sawgrass Corporate Parkway ◆ Suite 300 ◆ Sunrise, Florida 33325
T: 954-990-8639   F: 954-332-9260   W: BeharBehar.com

8 of 12

42. Plaintiff and the Class all own Taken Property. It is in Plaintiff's and the Class's interest to obtain full and just compensation for the Taken Property.

43. Plaintiff is familiar with the Taken Property, the value thereof, and their use. Plaintiff is also very familiar with firearms, their design, operation, maintenance and capabilities.

44. Plaintiff is capable of fairly representing himself and the Class Members who have been similarly impacted.

45. Furthermore, Plaintiff has engaged competent counsel knowledgeable in the areas of property rights, inverse condemnation, and class action litigation.

46. Plaintiff has no interests actually or potentially adverse to those of the putative Class.

47. By vigorous prosecution of his individual claims, Plaintiff will also ensure the same degree of prosecution of the commonly held claims of the Class.

- **Rule 23(b) Types of Class Action**

48. Plaintiff can also demonstrate the requirements of Fed. R. Civ. P. 23(b),

49. Under Fed. R. Civ. P. 23(b)(1), the prosecution of separate action by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

50. Alternatively, Fed. R. Civ. P. 23(b)(3) applies because the questions of law or fact common to the claim of Plaintiff and the claim of each member of the Class

BeharBehar ♦ 490 Sawgrass Corporate Parkway ♦ Suite 300 ♦ Sunrise, Florida 33325
T: 954-990-8639    F: 954-332-9260    W: BeharBehar.com

9 of 12

predominate over any question of law or fact affecting only individual members of the Class and class representation is superior to other available methods for the fair and efficient adjudication of the controversy.

- **Class Member Definition**

51. The Class is defined as any individual in the United States of America who owns Taken Property.

## COUNT I – INVERSE CONDEMNATION (TAKINGS)

52. Plaintiff, for himself and the Class, re-allege and incorporate herein paragraphs 1 through 51 above as if more fully set forth herein.

53. The action is based on Amendment V to the United States Constitution, which forbids the taking of private property for a public use/public purpose without just compensation.

54. The Fifth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

55. Defendant's enforcement of the changes to 27 CFR §§447.11, 478.11 and 479.11 violates Plaintiff's rights, and the rights of the class of persons he represents. These rights include their rights to compensation as guaranteed by the Fifth Amendment to the United States Constitution, in that the law completely dispossesses them of their lawfully-owned, constitutionally-protected personal property. The manner in which Plaintiff and the class have kept, bore and possessed such property was a substantial, constitutionally-protected liberty interest.

BeharBehar ◆ 490 Sawgrass Corporate Parkway ◆ Suite 300 ◆ Sunrise, Florida 33325
T: 954-990-8639    F: 954-332-9260    W: BeharBehar.com

10 of 12

56. The changes to 27 CFR §§447.11, 478.11 and 479.11 completely deprive Plaintiff and others similarly situated of all economically beneficial uses of their lawfully-owned property, and therefore constitutes a regulatory taking.

57. The changes to 27 CFR §§447.11, 478.11 and 479.11 is so onerous that its effect is tantamount to a direct appropriation of property, and therefore, a compensable taking under the Fifth Amendment.

58. Plaintiff and the Class had a property interest in their personal property, the Taken Property.

59. Such property rights were extinguished by the United States Government when it amended 27 CFR §§447.11, 478.11 and 479.11.

60. The United States Government amended the federal regulations for a public purpose, ostensibly public safety, as stated in the Department of Justice and the ATF's Findings.

61. Plaintiff and the Class have not been compensated for this taking.

**WHEREFORE**, Plaintiff for himself and for the Class respectfully request that this Court:

(a) Certify the Class alleged and defined herein and permit this action to proceed as a class action with the named Plaintiff as Class representative;

(b) Enter an Order of Taking that the United States has unlawfully taken the private property of Plaintiff and the Class and ordering full compensation;

(c) Award Plaintiff and the class other supplemental relief including but not limited to prejudgment interest, attorneys' fees, and costs and all other relief as the Court deems proper.

BeharBehar ♦ 490 Sawgrass Corporate Parkway ♦ Suite 300 ♦ Sunrise, Florida 33325
T: 954-990-8639    F: 954-332-9260    W: BeharBehar.com

11 of 12

Dated this 27th day of December 2018.

                              Respectfully submitted,

                              BeharBehar
                              490 Sawgrass Corporate Parkway
                              Suite 300
                              Sunrise, FL 33325
                              Telephone: (954) 990-8639
                              Facsimile: (954) 332-9260
                              Email: ab@beharbehar.com

By: _____
                              Aaron Behar, Esq.
                              Florida Bar No.: 166286
                              Michael Harper, Esq.
                              Florida Bar No.: 052207
                              ***Counsel for Plaintiff(s)***

BeharBehar ◆ 490 Sawgrass Corporate Parkway ◆ Suite 300 ◆ Sunrise, Florida 33325
T: 954-990-8639   F: 954-332-9260   W: BeharBehar.com

12 of 12

# EXHIBIT "A"

Case 1:18-cv-01980-MCW   Document 1   Filed 12/27/18   Page 13 of 14



U.S. Department of Justice

Bureau of Alcohol, Tobacco, Firearms and Explosives

Martinsburg, West Virginia 25405
www.atf.gov

903050:MMK
3311/2010-434

JUN 0 7 2010

This is in reference to your submission and accompanying letter to the Firearms Technology Branch (FTB), Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), asking for an evaluation of a replacement shoulder stock for an AR-15 type rifle. Your letter advises that the stock (referenced in this reply as a "bump-stock") is intended to assist persons whose hands have limited mobility to "bump-fire" an AR-15 type rifle. Your submission includes the following: a block to replace the pistol grip while providing retention for the selector stop spring; a hollow shoulder stock intended to be installed over the rear of an AR-15 fitting with a sliding-stock type buffer-tube assembly; and a set of assembly instructions.

The FTB evaluation confirmed that the submitted stock (see enclosed photos) does attach to the rear of an AR-15 type rifle which has been fitted with a sliding shoulder-stock type buffer-tube assembly. The stock has no automatically functioning mechanical parts or springs and performs no automatic mechanical function when installed. In order to use the installed device, the shooter must apply constant forward pressure with the non-shooting hand and constant rearward pressure with the shooting hand. Accordingly, we find that the "bump-stock" is a firearm part and is not regulated as a firearm under Gun Control Act or the National Firearms Act.

Per your telephoned instructions, we will contact you separately to make return delivery arrangements.

We thank you for your inquiry and trust that the foregoing has been responsive.

Sincerely yours,

John R. Spencer
Chief, Firearms Technology Branch

Enclosure